**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JAN 2 5 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE DISTRICT COURT OF THE UNITED STATES
## STATE OF GEORGIA, ATLANTA DIVISION

| | | |
|---|---|---|
| CHATREE DANNY SRIDEJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | _____ |
| FREDERICK W. BROWN; CITY | ) | **2 08-CV-0014-WCO** |
| OF AUBURN; POLICE | ) | |
| DEPARTMENT OF THE CITY | ) | JURY TRIAL DEMANDED |
| OF AUBURN; LINDA | ) | |
| BLECHINGER (in her official | ) | |
| capacity as mayor of the City of | ) | |
| Auburn); certain unknown | ) | |
| individuals JOHN DOE 1; JOHN | ) | |
| DOE 2 and JOHN DOE 3, | ) | |
| | | |
| Defendants. | | |

## COMPLAINT

Plaintiff Chatree Danny Sridej ("Plaintiff" or "Sridej") hereby files this Complaint against Defendants FREDERICK W. BROWN; CITY OF AUBURN; POLICE DEPARTMENT OF THE CITY OF AUBURN; LINDA BLECHINGER (in her official capacity as mayor of the City of Auburn); certain unknown individuals JOHN DOE 1; JOHN DOE 2 and JOHN DOE 3, showing the following:

1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages against defendants for committing acts under color of law which deprive plaintiff of rights secured under the Constitution and laws of the United States of America; and for conspiring for the purpose of impeding and hindering those rights as guaranteed under the Constitution of the United States with intent to deny plaintiff equal protection of the law and other rights and liberties, and for refusing or neglecting to prevent such deprivation and denial, as will be more fully specified below.

2. This civil action also set forth claims for violation of plaintiff's rights protected under the Georgia Constitution and the laws of the State of Georgia.

3. This Court has jurisdiction of this action under 28 USCA § 1331 and 28 USCA § 1343.  This Court has supplemental jurisdiction over all state law claims asserted herein under 28 USCA § 1367.

## PROCEDURAL REQUIREMENTS

4. On or about August 14, 2007, (as amended on August 22, 2007) Plaintiff filed with the Equal Employment Opportunity Commission

("EEOC") a charge of discrimination that satisfied the requirements of § 706 of Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e-5). The charge of discrimination was timely filed and included the discrimination complained of in this complaint.

5. On October 30, 2007 the EEOC mailed the plaintiff a Notice of Right to Sue (the "Notice"), certifying that the EEOC would be unable to complete its processing of the charge within 180 days from the filing of the charge, and that the plaintiff could file a civil action against Defendants within 90 days from receipt of the Notice.  A true and correct copy of the Notice is attached hereto as **Exhibit A**.

6. On or about November 6, 2007, Plaintiff Sridej gave proper ante litum notice to the City of Auburn.

7. Plaintiff received a copy of the Notice on or about October 30, 2007 and Plaintiff has timely instituted this action.

## THE PARTIES

8. Plaintiff, Danny Sridej is a citizen and resident of the City of Dacula, Gwinnett County, State of Georgia.

9.  Defendant City of Auburn is a municipal corporation organized under the laws of the State of Georgia.  The City of Auburn can be served with a Summons and Copy of this Complaint by service 1369 4th Avenue, Auburn, Georgia 30011.

10. Defendant Frederick W. Brown ("Brown") was the Chief of Police or supervising officer of the Police Department of the City of Auburn. Defendant Brown can be served with a Summons and copy of this Complaint by personal service at his residence at 1070 Mitchell Drive, Winder, Georgia 30680 or at this place of employment at 1361 4th Avenue, Auburn, Georgia 30011.

11. Defendant Linda Blechinger was acting mayor of the City of Auburn. Defendant Linda Blechinger, in her official capacity, can be served with a Summons and a copy of this Complaint by service at 1369 4th Avenue, Auburn, Georgia 30011.

12. Defendant Police Department of the City of Auburn, was the employer of plaintiff at the time of the events giving rise to the claims set forth herein.  The Police Department of the City of Auburn can be served with a Summons and Copy of this Complaint by service upon

any officer authorized to accept service 1361 4th Avenue, Auburn, Georgia 30011.

13. Defendants John Doe 1, 2 and 3 are unknown parties who are residents of the State of Georgia who acted in concert with the foregoing named defendants.

14. All Defendants acted under color of the statutes, customs, ordinances, and usage of the State of Georgia, City of Auburn, and the police department of the City of Auburn.

## FACTUAL ALLEGATIONS

15. On June 4, 2004, Plaintiff Sridej was hired by the City of Auburn Police Department.

16. On or about August 8, 2006, Plaintiff Sridej was promoted to the rank of Corporal with the City of Auburn Police Department.

17. While employed with the City of Auburn Police Department, Plaintiff Sridej was subjected to racially charged remarks from others including, but not limited to, derogatory comments about his English skills, was called a "monkey" and a "Nazi."

18. Plaintiff Sridej participated in a third-party investigation about policy violations and other negative actions within the police department.

19. After Plaintiff Sridej complained about the policy violations and the racially charged comments, Plaintiff Sridej began to receive several frivolous write-ups in his personnel file.

20. On or about August 8, 2007, Plaintiff Sridej sought the assistance of a medical professional, Dr. Schlossberg, for symptoms of stress as a result of the harassment he was subjected to at work.

21. Dr. Schlossberg recommended that Plaintiff Sridej take a few days off to rest and that he would be fit to return to full active duty after the time off.

22. On or about August 9, 2007, Plaintiff Sridej, while making an appearance in court for a matter in which he was the arresting officer, received a letter from Defendant Chief Brown stating that he would not be paid for sick leave unless a medical reason was given and stating that he needed to see Dr. Gary Rogers for a fitness for duty evaluation prior to return to full duty as indicated by Dr. Schlossberg.

23. The letter initially given to Mr. Sridej was then shredded and replaced with a letter omitting the statement regarding the denial of sick leave and ordering Mr. Sridej not to work at any part-time employment.

24. On August 14, 2007, Plaintiff Sridej filed a charge of discrimination with the EEOC.

25. On August 16, Defendant Brown issued an order requiring Plaintiff Sridej to report to Dr. Rogers for a fitness for duty evaluation despite Dr. Schlossberg's prior recommendation.

26. On August 16, 2007, Dr. Rogers conducted an on-line evaluation of Mr. Sridej and met briefly with Mr. Sridej in person at the Marietta Public Library.

27. On August 17, 2007 Dr. Rogers provided a written evaluation to Defendant Brown.

28. On August 20, 2007, Plaintiff Sridej was terminated from the Auburn Police Department. The termination letter cited to the evaluation of Dr. Rogers of August 17, 2007 as the reason for termination.

29. Defendant Brown, or someone at his behest, took it upon himself to email the Lawrenceville Police Department on August 24, 2007

regarding Plaintiff Sridej's second, part-time job as a security guard at the local theater.

30. As a result of the email from Defendant Brown or someone at his behest, Plaintiff Sridej was terminated from his part-time employment on August 26, 2007.

31. On August 21, 2007, Plaintiff Sridej appealed the decision of termination by the Police Department of the City of Auburn to the city council.

32. On October 18, 2007, the city council upheld Plaintiff Sridej's termination.

33. On September 13, 2007, Plaintiff Sridej was hired as a police officer with the City of Oakwood Police Department and is fit for full duty.

## COUNT I – EMPLOYMENT DISCRIMINATION
### (Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991)

34. Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 33 of this Complaint.

35. Plaintiff was the only member of the Thai race and of Asian origin employed by the police department of the City of Auburn.

36. In January 2005, there began a course of discrimination and harassment against plaintiff by Defendant Brown, resulting in discriminatory treatment to plaintiff based on his race and national origin.

37. The course of conduct embarked upon by Defendant Brown and others continued throughout defendant's two (2) years as supervising officer for the chief of police in the City of Auburn, and continued to the date of Sridej's termination, damages from those discriminatory acts have continued until the date of filing this Complaint.

38. The course of conduct described above has resulted in numerous reprimands, threats, and other intimidating conduct designed to harass plaintiff, such treatment being discriminatory in nature to plaintiff by reason of his minority status. Further, such treatment was meted upon plaintiff solely because of such status.

39. Such disparate treatment was not in accordance with the custom or usage of the Police Department of the City of Auburn and was contrary to the customary treatment received by other officers who were members of the majority.

40. Plaintiff is entitled to recover general, specific and other damages incurred as a result of Defendant's discriminatory action in an amount to be determined in the enlightened conscience of a jury of his peers.

## COUNT II- RETALIATION
### (Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991)

41. Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 40 of this Complaint.

42. In the months ensuing since the specific incidents described in this complaint, plaintiff has suffered numerous reprimands, threats, suspensions, and disciplinary action designed to harass and intimidate and to suppress plaintiff's expression of the rights guaranteed by the Constitution of the United States. Such treatment was at all times disparate from the treatment received by members of the majority who, for the same or similar conduct, receive no reprimands, suspension, threats, or other disciplinary measures.

43. Plaintiff Sridej was terminated from employment with the City of Auburn Police Department based on the bias and discrimination from Defendant Brown and others.

44. The conduct of Defendant Brown, acting as the chief of police and supervising officer of the police department in the City of Auburn, deprived plaintiff of equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States (Art. XIV, U.S. Constitution) and were in violation of Plaintiff's right to be free from retaliation by U.S.C.A. §2000e.

45. As a direct and proximate result of the acts of Defendant Brown and the police department of the City of Auburn as set forth above, plaintiff suffered severe mental anguish, embarrassment, loss of esteem in the eyes of the community and of plaintiff's fellow officers and loss of his primary as well as secondary income source. These damages flow directly from, and are intimately connected to the deprivations, violations, and infringements of Plaintiff's constitutional and statutory rights.

46. The violations and infringements on Plaintiff's rights was expressly affirmed by Defendant Blechinger acting in her official capacity. Such denial of equal protection was racially discriminatory.

11

47. Defendant Blechinger had the duty to instruct, supervise, control, and discipline Defendant Brown and the police department of the City of Auburn, and knew or should have known of the wrongs done. Defendant had the power to prevent or aid in the prevention of the commission of such wrongs, and could have done so by reasonable diligence, but neglected or refused to do so, thus resulting in the violations as set forth above.

48. Defendant Blechinger directly or indirectly, under color of law, ordinance, or statute, ratified the unlawful, deliberate, and reckless disregard of plaintiff's civil rights as embarked upon by Defendant Brown.

49. The above-described discriminatory conduct and denial of equal protection of the law was expressly ratified and permitted by the City Council of the City of Auburn acting under color of law, statute, and ordinance, and acting in its capacity as the governing body of the City of Auburn, in unlawful, reckless, and deliberate disregard of the civil rights of plaintiff.

50. Defendant Blechinger, as mayor, had knowledge of, or, had she diligently exercised her duty, should have had knowledge of the violations and deprivations of Plaintiff's constitutional rights. Defendant City of Auburn through the City of Council of the City of Auburn had the power to prevent or aid in the prevention of the commission of such wrongs, and could have done so by reasonable diligence, but neglected or refused to do so.

51. Defendant City of Auburn, through the City Council of the City of Auburn, directly or indirectly under color of law approved and ratified the unlawful, deliberate, and reckless disregard of plaintiff's civil rights.

52. Plaintiff is entitled to recover general, specific and other damages incurred as a result of Defendant's discriminatory action in an amount to be determined in the enlightened conscience of a jury of his peers.

## COUNT III - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

53. Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 52 of this Complaint.

54. On or about August 8, 2007, Plaintiff Sridej, was seen by Dr. Schlossberg.

55. Plaintiff was directed by Dr. Schlossberg, the examining physician, to take a few days off of work due to stress and then to resume full duty.

56. Because of the recommendation of Dr. Schlossberg, Plaintiff Sridej was temporarily unable to attend to usual business in the course of his employment at City of Auburn Police Department.

57. In order for plaintiff to care for his health, Plaintiff missed work from August 9, 2007 to August 20, 2007.

58. On August 9, 2007, Plaintiff Sridej was told he needed to provide a verification of medical information regarding his illness.

59. Plaintiff received written verification from Dr. Schlossberg and provided that to the appropriate officer.

60. On August 20, 2007, plaintiff was terminated by Defendants.

61. Plaintiff Sridej's former employer, is public agency engaged in commerce or in any industry or activity affecting commerce who, upon information and belief, employs 50 or more employees for each

working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

62. Defendants, are people who act, directly, in the interest of an employer to the employees of such employer, namely in the interest of employer, City of Auburn.

63. Plaintiff worked for a covered employer.

64. Plaintiff has worked for the employer for at least 12 months.

65. Plaintiff has worked at least 1,250 hours over the prior 12 months.

66. Plaintiff works at a location where, upon information and belief, at least 50 employees are employed by the employer within 75 miles.

67. Plaintiff was entitled to take reasonable leave, not to exceed a total of 12 workweeks of leave during any 12 month period, for the care of Plaintiff's health.

68. Defendants interfered with the plaintiff's exercise of his right to take reasonable leave to care for himself, as provided under the Family and Medical Leave Act.

69. Plaintiff gave the Defendant employer written verification of his need for time off.

70. Plaintiff provided Defendants with doctor's notes containing the dates on which the serious health condition commenced; the duration of the conditions and medical facts within the knowledge of the health care provider regarding the conditions.

71. Defendants were provided with verification from Dr. Schlossberg that it was necessary for plaintiff to stay home from work to care for his health.

72. Plaintiff attempted to return to work as soon as he was cleared to do so by Dr. Schlossberg.

73. Plaintiff was nonetheless terminated from his job.

74. Plaintiff is entitled to recover general, specific and other damages incurred as a result of Defendants' actions in violation of the Family and Medical Leave Act in an amount to be determined in the enlightened conscience of a jury of his peers.

## COUNT IV- FAILURE TO PROMOTE

75. Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 74 of this Complaint.

76.In or around August 2006 and again in August 2007, plaintiff was denied promotion in rank to Sergeant by the chief of police of the City of Auburn.

77.The denial of promotion was based solely on the race of plaintiff, and no other justifiable factor, as the failure to promote was contrary to the established customs, usages, and norms prevalent in the Police Department of the City of Auburn.

78.The individuals promoted by defendant chief of police to the rank of Sergeant were Caucasian males having significantly less seniority and qualifications than plaintiff.

79.Plaintiff is entitled to recover general, specific and other damages incurred as a result of Defendants' actions in an amount to be determined in the enlightened conscience of a jury of his peers.

## COUNT V- TORTIOUS INTERFERENCE
## WITH BUSINESS RELATIONSHIP

80.Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 79 of this Complaint.

81.On or about December 5, 2004, Plaintiff and Town Center Value Cinemas entered into an agreement by which Town Center Value

Cinemas agreed to employ Plaintiff Sridej on a part-time basis as a security guard at a local theater.

82. Defendant knew of the above-described agreement existing between Plaintiff Sridej and Town Center Value Cinemas.

83. Defendant Brown, individually or through his agents, sent an email to the Lawrenceville Police Department regarding Plaintiff Sridej. During the course of this email Defendant Brown (or his agent) falsely reported that Plaintiff Sridej was unfit to perform the duties required of him as a security guard with the intent to harm plaintiff financially and to induce Town Center Value Cinemas to sever its business relationship with Plaintiff Sridej.

84. On August 26, 2007, Town Center Value Cinemas, as a direct result of Defendants' email correspondence with the Lawrenceville Police Department, terminated its employment relationship with Plaintiff Sridej.

85. Plaintiff Sridej is entitled to recover general, specific and other damages incurred as a result of Defendant's tortuous interference in

an amount to be determined in the enlightened conscience of a jury of his peers.

## COUNT VI - PUNITIVE DAMAGES

86. Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 85 of this Complaint.

87. In doing all the things alleged in this counterclaim, Defendants have acted maliciously and are guilty of a wanton disregard of the rights of Plaintiff Sridej by reason of which, Plaintiff Sridej is entitled to an award of punitive damages in an amount to be determined to punish and deter Defendants from acting in the same way in the future.

## COUNT VII- ATTORNEY'S FEES

88. Plaintiff Sridej hereby incorporates by this reference as if fully set forth herein Paragraphs 1 - 87 of this Complaint.

89. Plaintiff Sridej has undergone unnecessary trouble and expense and Plaintiff Sridej is entitled to recover from Defendants all expenses of litigation, including attorney fees.

WHEREFORE, Plaintiff Chatree Danny Sridej demands a jury of his peers and for judgment against Defendants and each of them, jointly and severally, as follows:

1. For compensatory damages including interest thereon;

2. For reasonable attorney's fees according to proof;

3. For punitive damages; and

4. Such other and further relief as the court deems just and proper.

This 25th day of January, 2008.

Lindsay M. Haigh, Esq.
Georgia Bar No. 153060
Attorney for Plaintiff Chatree Danny
Sridej

HAIGH & ASSOCIATES, LLC
2750 Peachtree Industrial
Boulevard
Suite C
Duluth, Georgia 30097
(770) 623-9600
(770) 623-9601 (fax)